NO. C2015-1538D

| | | |
|---|---|---|
| **BLAKE BRITTAN GUYETTE**<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| **NATIONSTAR MORTGAGE**<br>Defendant. | § § § | OF COMAL COUNTY, TEXAS |

## APPLICATION AND AFFIDAVIT FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTION

1. *Parties.*

   a. Plaintiff, Blake Brittan Guyette, Applicant and Sole Heir to the Estate of Robin Ann Schrock, an Individual whose address is 258 Youngs Road, Linden, Pennsylvania 17744, makes this Application for Temporary Restraining Order and Temporary Injunction.

   b. The last three numbers of Blake Brittan Guyette's driver's license number are 3196293. The last three numbers of Blake Brittan Guyette's social security number are 796.

   c. Defendant Nationstar Mortgage, a Limited Liability Company based in Texas, may be served with process by serving the registered agent of said company, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218, United States, its registered office. Service of said Defendant as described above can be effected by personal delivery. A copy of will also be sent to Defendant's attorney of record.

2. This court has jurisdiction over the parties because Defendant is a Texas resident.

3. *Facts.*

   In this suit, now pending in this Court, Plaintiff is seeking damages from Defendant. Plaintiff is the sole heir to the Estate of Robin Ann Schrock. Plaintiff obtained a Judgement Declaring Heirship on May 13, 2015 (please see attached exhibits to petition). Plaintiff was

1


EXHIBIT A

granted 100% of the property of Robin Ann Schrock, in Cause No. 2015-PCA-0015.

Plaintiff has sent a Certified Letter to Defendant requesting Defendant to verify the amount of the debt under the Fair Debt Collection Practices Act, dated October 5, 2015 (please see attached exhibits).

Plaintiff requests that Defendant be restrained from conducting a Trustee's Sale on Tuesday, October 6, 2015, by and through Nationstar Mortgage, LLC, and by and through the Substitute Trustee, Deborah Martin or Troy Martin or Alexis Martin or Cassie Martin or Terri Martin or Shelby Martin. Plaintiff requests a stay of not less than 30 days.   The facts are as stated:

a. Plaintiff, through counsel, worked with local counsel for Defendant and Defendant to begin the process of allowing Plaintiff to sell the home.

b. Defendant, without any prior notice to Plaintiff, set this home for a Trustee's Sale on July 7, 2015.  Plaintiff and the undersigned Counsel worked rapidly with Defendant postpone and/or cancel this sale.  Defendant's representative instructed Plaintiff and the undersigned Counsel to submit a modification packet in order to stop the sale. Plaintiff submitted the modification packet at the direction of Defendant. Additionally, Plaintiff and the undersigned Counsel sent emails and made several phone calls to Defendant in an effort to postpone the July 7, 2015, sale.  Due to Plaintiff and the undersigned Counsel's efforts alone, the sale was canceled.

c. Subsequent to this, Plaintiff and the undersigned Counsel worked with Defendant's representative, Katryna Urban, to determine what Defendant needed as Plaintiff has a qualified buyer who wishes to purchase the property for an amount that covers the full amount of the loan with Defendant (please see attached exhibits to petition).

d. Plaintiff sent several pieces of documentation and was involved in several phone calls

with Defendant from July, 2015 to September, 2015.

e. Plaintiff provided Defendant with a signed contract between Plaintiff and the home buyer that stated a closing date of October 1, 2015.

f. For reasons pertaining to the buyer's funding, the closing had to be extended to October 15, 2015.

g. Plaintiff then received a Notice of Intent to Conduct Trustee's Sale set for October 6, 2015. The letter containing the notice was dated September 14, 2015.

h. Plaintiff and the undersigned Counsel have made multiple attempts to provide Defendant with evidence of the qualified buyer and a closing date of October 15, 2015.

i. In the alternative, Plaintiff has also secured funding to pay the deficiency but the funds will not be available for up to fourteen days.

j. Defendant outright refuses to extend the sale for any period of time.

Defendant has wrongfully acted in the following manner:

a. Defendant has refused to grant Plaintiff an extension of the October 6, 2015, sale. Defendant's representative, Tanya Hatton, contends that the Foreclosure Team at Defendant Nationstar refused to extend due to a "pattern of extensions" on this property.

b. Defendant's contention and refusal to extend this sale is wrongful in that there is not a "pattern of extensions." Plaintiff has only been granted one extension at his request (the July 7, 2015, sale) and in the time since, Plaintiff has diligently worked with Defendant to secure a buyer for a full sale.

c. Defendant has fraudulently represented to Plaintiff that Defendant would assist Plaintiff in the sale (please see attached exhibits to petition), and Defendant wholly

3

failed to provide the information to Plaintiff as stated.

4. *Grounds.*

Plaintiff will suffer immediate and irreparable injury, loss, or damage if Defendant's conduct described above is not enjoined for these reasons: Plaintiff will suffer irreparable injury because the property in question will be sold at foreclosure sale most likely resulting in a loss. In that event, Plaintiff could be sued by Defendant for the deficiency. Further, Plaintiff has substantial equity in the home and Plaintiff will lose the benefit of a full sale buyer and Plaintiff will suffer loss on the sale of over one hundred thousand dollars ($100,000.00) if this sale occurs.

Plaintiff does not have an adequate remedy at law because Defendant has wrongfully refused to provide Plaintiff with any extension based on an alleged and false "pattern of extensions." Further, Plaintiff is was not the buyer on the original home loan and thereby has no privity of contract to sue Defendant under breach of contract or DTPA actions. Plaintiff has exercised due diligence in prosecuting this claim. The injury to Plaintiff if Defendant continues the conduct described above would outweigh any injury the restraining order and injunction might cause Defendant, and issuance of the restraining order and injunction would not disserve the public interest.

5. *Conditions Precedent.* All conditions precedent have been performed or have occurred.

6. *Prayer.*

Plaintiff prays that-

    a. without notice to Defendant, and without bond, the Court issue a temporary restraining order restraining Defendant and its officers, agents, servants, and employees, including Substitute Trustee Deborah Martin or Troy Martin or Alexis Martin or Cassie Martin or Terri

4

Martin or Shelby Martin from directly or indirectly from conducting or being part of any conducting of a foreclosure sale of the property at 5409 Meadowlark Drive, Bulverde, Texas 78163;

   b. the Court set a date and time for a hearing on this application for a temporary injunction;

   c. Defendant be cited to appear and answer;

   d. after hearing, the Court issue a temporary injunction enjoining Defendant and its officers, agents, servants, and employees including Substitute Trustee, Deborah Martin or Troy Martin or Alexis Martin or Cassie Martin or Terri Martin or Shelby Martin from directly or indirectly from conducting or being part of any conducting of a foreclosure sale of the property at 5409 Meadowlark Drive, Bulverde, Texas 78163 during the pendency of this action, and a stay of not less than 30 days;

Plaintiff be granted reasonable expenses incurred in obtaining the restraining order and injunction; and

Plaintiff be granted all further relief to which Plaintiff may be entitled.

Respectfully submitted,

By: _____
Robert J. Falkenberg
Texas Bar No. 24049471
Email: robert.falkenberg@gmail.com
160 Creekside Park Drive
Suite 200
SPRING BRANCH, TX 78070
Tel. (830) 438-0339
Fax. (830) 299-3942
Attorney for Plaintiff
Blake Brittan Guyette

## Affidavit

BEFORE ME, the undersigned authority, on this day personally appeared Blake Brittan Guyette, who swore on oath that the following facts are true:

"I am Plaintiff in this cause. I have personal knowledge of the facts stated above, and they are true and correct."

_____
Blake Brittan Guyette
Affiant

SIGNED under oath before me on October 4, 2015.

_____
Notary Public, State of Pennsylvania

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Holly Beth Doyle, Notary Public
Woodward Twp., Lycoming County
My Commission Expires Dec. 18, 2018
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

7